# SEYFARTH SHAW
### ATTORNEYS LLP



620 Eighth Avenue
New York, New York 10018
(212) 218-5500
fax (212) 218-5526
www.seyfarth.com

Writer's direct phone
(212) 218-5572

Writer's e-mail
pwalker@seyfarth.com

Writer's direct fax
(917) 344-1254

**MEMO ENDORSED**

A pre-motion conference is scheduled for 8/23/11 at 9:30 a.m.

SO ORDERED:
Date: 8/8/11
Richard M. Berman, U.S.D.J.

RECEIVED
AUG 08 2011
USDC SDNY
CHAMBERS OF
RICHARD M. BERMAN
U.S.D.J.

ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/8/11

August 8, 2011

**VIA FACSIMILE (212-805-6717)**

The Honorable Richard M. Berman
United States District Court, SDNY
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 21B
New York, New York 10007-1312

Re:  *Gersten v. Deloitte & Touche LLP et. al.*, 11 CV 2461 (RMB)(THK)
     *James v. Deloitte & Touche LLP*, 11 CV 04554 (RMB)

Dear Judge Berman:

This firm is counsel to Defendants Deloitte & Touche LLP and Deloitte LLP (the "Defendants") in the above-referenced matters.[1] We write in response to Your Honor's August 3, 2011 Endorsed Memo requesting that Defendants provide their position on the issue of consolidation for pre-trial or all purposes.[2] At the conference on July 20, 2011, Your Honor directed Plaintiffs' counsel to file a consolidated complaint and motion for conditional class certification. As set forth below, Defendants believe that consolidation of the *Gersten* and *James* cases for all purposes pursuant to Federal Rule Civil Procedure ("Rule") 42(a) is appropriate. Defendants now also favor the Court appointing lead counsel pursuant to Rule 23(g).[3]

---

[1] In accordance with Your Honor's Individual Rules, Defendants requested and received permission from Chambers to submit this letter via facsimile.
[2] As stated in Mr. Swartz's August 1, 2011 letter, Defendants consent to the proposed consolidation order attached to that letter.
[3] *See e.g. Thompson v. World Alliance Fin. Corp,* 2010 U.S. Dist. LEXIS 85912, 27-28 (E.D.N.Y. Aug. 20, 2010) ("..there is no controlling statute or case law setting forth the criteria for appointment of counsel under Section 216(b), and so the Court, in its discretion, turns to Rule 23(g) for guidance.")

13639216v.1



Honorable Richard M. Berman
August 3, 2011
Page 2

By letter dated July 1, 2011, Defendants requested that a pre-motion conference be scheduled to seek permission to file a motion to consolidate *Gersten* and *James* and to "discuss scheduling in these cases to avoid duplicative and disjointed discovery and motions for conditional certification of the same FLSA collective action."[4] Defendants' fear as to what would happen if these cases were not consolidated for all purposes has, as last week's flurry of correspondence to Your Honor revealed, become a reality. Plaintiffs' counsel have substantial disagreements on both minor and significant aspects of these cases, such as: an appropriate consolidation order; timing as to when their consolidated amended complaint and motion for conditional certification should be filed; extension requests; case management strategies; and the appointment of lead counsel pursuant to Rule 23(g).

These are just the disagreements brought to Your Honor's attention last week; other disputes also exist. For example, Plaintiffs' counsel previously agreed to work together to prepare joint Rule 26 Initial Disclosures. However, on August 3rd Defendants received Plaintiff-*Gersten*'s Initial Disclosures and was informed by Mr. Folkenflik that despite Plaintiffs' counsel's previous representation as to joint initial disclosures, "Justin [Swarz] will be filing separate disclosures for *James* and his counsel."

If Plaintiffs' counsel cannot agree on such routine discovery issues one can only imagine what will transpire as the cases progress and become more complicated. Consolidation of *Gersten* and *James* is appropriate as such disputes among Plaintiffs' counsel are putting, and will continue to put, Defendants in the middle of their conflicts and cause us to expend resources unnecessarily in responding to Plaintiffs' counsels' dueling requests. *See e.g. Barkley v. Olympia Mortg. Co.*, 2010 U.S. Dist. LEXIS 95060 (E.D.N.Y. Sept. 13, 2010) (requiring

---

[4] This conference was held on July 20, 2011.

13639216v.1



Honorable Richard M. Berman
August 3, 2011
Page 3

separate trials "will result in a significant burden on the parties and witnesses and will needlessly consume the parties' and the court's limited resources.").

Consolidation is also appropriate in light of Mr. Swartz's representation that one of his clients worked in New York. He seeks to represent virtually the same New York Labor Law class as the *Gersten* Plaintiff seeks to represent. Based on this development, the sole minor distinction between the *Gersten* and *James* cases no longer exists.[5] As these cases are virtually identical, consolidation for all purposes is proper. *See e.g., Coultrip v. Pfizer, Inc.*, 2011 U.S. Dist. LEXIS 34213 (S.D.N.Y. Mar. 24, 2011) (consolidating FLSA class action complaints alleging improper classification of pharmaceutical representatives as exempt from overtime).

While Plaintiffs' counsel have indicated to Your Honor that they wish to proceed expeditiously so as not to prejudice potential class members and operate within Your Honor's Scheduling Order, their conduct since the July 20th conference demonstrates otherwise. Defendants respectfully request that consolidation for all purposes be granted, that the Court appoint lead counsel and that the consolidation order submitted by Mr. Swartz, to which Defendants agreed, be entered. Defendants take no position as to which counsel should be appointed lead counsel.

Respectfully submitted,

SEYFARTH SHAW LLP

Peter A. Walker

---

[5] Even if one of *James*' Counsel's clients did not work in New York and seek to represent a New York class, consolidation for all purposes would still be appropriate. *See e.g., Franco v. Ideal Mortg. Bankers, Ltd.*, 2009 U.S. Dist. LEXIS 91570, 20-21 (E.D.N.Y. Sept. 28, 2009) ("It will not be confusing for a jury to hear FLSA and New York state law claims during the same trial. Indeed, courts within this district have repeatedly and consistently found it appropriate to try FLSA and New York state law claims as part of the same action.").

13639216v.1



Honorable Richard M. Berman
August 3, 2011
Page 4

cc: Max Folkenflik (via email)
H. Tim Hoffman (via email)
Justin Swartz (via email)
Ossai Miazad (via email)
Ed Wynne (via email)
Christopher H. Lowe

13639216v.1